UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| JESSIE LEE ALLEN, et al. | ) | |

ORDER

Pending before the Court are the following Motions: Defendant Monique Smith's Motion For Evidence Review (Docket No. 702).

Defendant Jessie Lee Allen's Motion for Bill of Particulars (Docket No. 650); Motion to Sever (Defendants) (Docket No. 651); Motion for Exculpatory Evidence (Docket No. 652); Motion to Increase Peremptory Challenges (Docket No. 654); Motion to Compel Notice of Intent to Offer Evidence of Other Crimes, Wrongs, or Acts (Docket No. 655); and Motion for the Court to Pay for Care of Dependent Children and Family Members of Single Parents Who are Selected as Jurors (Docket No. 656).

Defendant Jermaine L. Jackson's Motion for Pre-Trial Disclosure of Co-Conspirator Statements (Docket No. 667); Motion to Compel Disclosure of any Preferential Agreements (Docket No. 669); Motion to Compel the Pre-Trial Production of List of Government Witnesses (Docket No. 670); Motion for Early Disclosure of Jencks Act Material (Docket No. 671); Motion to Sequester Witnesses (Docket No. 672); Motion for Severance (Docket No. 673); and Motion for Notice of "Other Crimes, Wrongs or Acts" and Overt Acts in Furtherance of the Conspiracy Sought to be Introduced at Trial (Docket No. 676).

Through his Motion For Bill Of Particulars (Docket No. 650), Defendant Allen requests that the Court order the Government to file a bill of particulars stating the identity of each person

who the Government believes was a member of the conspiracy, including all known, but unindicted co-conspirators; the approximate time period(s) during which each such person was a member of the conspiracy; and the location(s), substance, time, place, and date of each overt act in furtherance of the conspiracy in which the Defendant allegedly participated, as well as the other participants in such acts.

In its Response (Docket No. 677), the Government argues that a bill of particulars is unnecessary, and indicates that it has provided the Defendants with significant amounts of information in discovery. For example, the Government states that it has provided all known recordings of the Defendants, as well as those of other charged and uncharged co-conspirators, organized in a searchable spreadsheet format; that it has shown defense counsel a lengthy and detailed powerpoint presentation highlighting the most incriminating aspects of the case against their client; that it has provided the Defendants with unprivileged law enforcement reports; that it has offered, and has made a standing offer, to address questions and to permit inspections of physical items; and that each Defendant has been provided with a list detailing each Defendant's drug buys.

Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." The Sixth Circuit has held that the function of a bill of particulars is to "minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

A bill of particulars is not to be used, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Crayton, 357 F.3d at 568. Full disclosure of the requested information by the Government through discovery, however, may obviate the need for a bill of particulars. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993); United States v. Martin, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. July 14, 1987).

With respect to conspiracy allegations, the Sixth Circuit has held that the government is not required to furnish the names of all other co-conspirators in a bill of particulars. United States v. Vasser, 346 Fed. Appx. 17, 22 (6th Cir. Sept. 16, 2009).

The Court concludes that a bill of particulars is unnecessary in this case. The conspiracy count of the Third Superseding Indictment (Docket No. 589) is more than four pages long, provides the date range of the conspiracy, names several co-conspirators, states the elements of the offense, describes the Vice Lords organization and the drug trafficking and other activities of the organization. In addition to the information contained in the Third Superseding Indictment, the Government indicates that it has provided the Defendants with voluminous discovery, a presentation of the highlights of the case against the Defendants, and a standing offer to answer questions. Under these circumstances, Defendant Allen's Motion For Bill Of Particulars (Docket No. 650) is DENIED.

Through the Motion to Sever (Defendants) (Docket No. 651), Defendant Allen requests to be tried separately from the other Defendants on the following grounds: potential prejudice caused by the introduction of statements made by co-defendants to law enforcement officers; potential juror confusion; potentially antagonistic defenses; Co-Defendant Rivers is charged with

a count (Count Thirteen) alleging actual violence; and Co-Defendant Rivers may proceed pro se at the trial of this case. Through his Motion For Severance And Memorandum Of Law In Support Thereof (Docket No. 673), Defendant Jackson requests to be tried separately from the other Defendants based on the following grounds: potential juror confusion caused by spillover evidence; and potential prejudice caused by the introduction of statements made by co-defendants to law enforcement officers.

In its Response (Docket No. 678), the Government argues that the Defendants have been properly joined as members of the Vice Lords gang who participated in a drug conspiracy; that the Defendants have not identified any specific co-defendant statements that are problematic, nor have they identified mutually antagonistic prejudicial defenses; and that this case is not so complex as to cause juror confusion.

Rule 8(b) of the Federal Rules of Civil Procedure provides that "[t]he indictment may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

"'As a general rule, persons jointly indicted should be tried together.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008)(quoting United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987)). "Courts typically favor the joinder of defendants charged with participating in the same act or series of acts because it is more efficient than conducting separate trials." United

States v. Gibbs, 182 F.3d 408, 434 (6th Cir. 1999). See also Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Defendants are not entitled to severance "merely because they may have a better chance of acquittal in separate trials." Zafiro, 113 S.Ct. at 938. Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id.

Courts presume that juries "are capable of sorting out the facts relevant to each individual defendant's case." Gibbs, 182 F.3d at 434. Furthermore, "[e]ven where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Driver, 535 F.3d at 427 (quoting Zafiro, 113 S.Ct. at 938).

After the Defendants filed their requests for severance, the Court severed Defendants Rivers and Benson for a separate trial. (Docket Nos. 665, 666). Therefore, their arguments based on a joint trial with these Defendants are moot. In addition, the Defendants have failed to identify any potential co-defendant statements that would violate Bruton v. United States, 391 U.S. 123 (1968), nor have they indicated why redaction of the statements would not eliminate any prejudice. The Defendants have also failed to specifically identify any mutually antagonistic defenses that would support severance. Finally, the Court is persuaded that appropriate instructions will cure any potential juror confusion resulting from a joint trial. Accordingly, Defendant Allen's Motion to Sever (Defendants) (Docket No. 651) and Defendant Jackson's Motion For Severance And Memorandum Of Law In Support Thereof (Docket No. 673) are DENIED.

Through his Motion for Exculpatory Evidence (Docket No. 652), Defendant Allen requests that the Court order the Government to produce information detailed in pages 12 through 21 of the Motion. The Motion is DENIED, as the Defendant has failed to certify that counsel has exerted good faith efforts to resolve discovery issues, as required by Local Criminal Rule 12.01. The Government has agreed, however, to produce Jencks and impeachment material 14 days in advance of trial. (Docket No. 679).

In the Motion to Increase Peremptory Challenges (Docket No. 654), Defendant Allen requests that the Court increase his peremptory challenges from ten to twenty. The Court RESERVES ruling on this Motion until the Pretrial Conference in this case.

Defendant Allen's Motion to Compel Notice of Intent to Offer Evidence of Other Crimes, Wrongs, or Acts (Docket No. 655) requests that the Court order the Government to provide notice, by September 21, 2012, of any evidence to be offered under Rule 404(b) of the Federal Rules of Evidence in its case- in-chief. In the Motion for Notice of "Other Crimes, Wrongs or Acts" and Overt Acts in Furtherance of the Conspiracy Sought to be Introduced at Trial (Docket No. 676), Defendant Jackson also requests notice of Rule 404(b) evidence. In its Response (Docket No. 681), the Government indicates that it has provided the requested notice. Under these circumstances, the Motions are DENIED, as moot. The Defendants may raise any objection based on a lack of notice regarding a specific item of Rule 404(b) evidence at the appropriate time.

Defendant Allen's Motion for the Court to Pay for Care of Dependent Children and Family Members of Single Parents Who are Selected as Jurors (Docket No. 656) requests that the Court order payment for the care of dependent children and family members of single parents

6

selected as jurors in this case. In its Response (Docket No. 682), the Government argues that the Defendant's request is without legal support, is premature, and if granted, should not be limited to single parents only. The Motion is DENIED. Defendants may raise any fair cross section arguments during the jury selection process at trial.

Defendant Jackson's Motion for Pre-Trial Disclosure of Co-Conspirator Statements (Docket No. 667) requests that the Court order disclosure of co-conspirator statements, and hold pretrial evidentiary hearings to determine the admissibility of any co-conspirator statements offered by the Government under Fed. R. Evid. 801(d)(2)(E). In its Response (Docket No. 683), the Government indicates that it has agreed to disclose co-conspirator statements of all testifying witnesses, and opposes pretrial hearings to determine admissibility of the statements because such a procedure would be time-consuming and threaten witness safety. The Government also points out that the Defendant has not identified any specific objectionable statements, and notes that certain co-conspirator statements may be admitted through other evidentiary rules.

The Motion is DENIED. Defendant's request for pretrial disclosure of co-conspirator statements is moot as the Government has agreed to pretrial disclosure. Defendant's request for pretrial evidentiary hearings to determine the admissibility of co-conspirator statements is denied, as the Court will follow the procedure used by the district court approved in United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979), through which the court admitted the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence. See United States v. Robinson, 390 F.3d 853, 867-68 (6th Cir. 2004)("[W]e have long recognized the trial court's prerogative to conditionally admit co-conspirator statements 'subject to later demonstration of their admissibility by a preponderance of the evidence.'")

Through his Motion to Compel Disclosure of any Preferential Agreements (Docket No. 669), Defendant Jackson requests that the Court order the Government to disclose preferential agreements made with any witness or Co-Defendant. The Motion is DENIED, as moot. The Government has agreed to produce impeachment material 14 days in advance of trial. (Docket No. 679).

In the Motion to Compel the Pre-Trial Production of List of Government Witnesses (Docket No. 670), Defendant Jackson requests a list of Government witnesses one week prior to trial. The Sixth Circuit has held that, in a non-capital case, the Government is not obliged to reveal a list of its witnesses in advance of trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir.1984); United States v. Turner, 91 Fed. Appx. 489, 491, 2004 WL 540471 (6th Cir. Mar. 17, 2004). Accordingly, Defendant's Motion is DENIED.

Through the Motion for Early Disclosure of Jencks Act Material (Docket No. 671), Defendant Jackson requests that the Government provide Jencks Act material at least one month prior to trial. The Motion is DENIED. The Jencks Act, 18 U.S.C. § 3500, provides that the Government is not required to provide to the Defendant a statement made by a Government witness prior to the completion of the direct examination of that witness.[1] See also Fed. R. Crim.

---

[1] Sections 3500(a) and (b) provide as follows:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United

P. 26.2. The Government has agreed, however, to produce Jencks material 14 days in advance of trial. (Docket No. 679).

Through the Motion to Sequester Witnesses (Docket No. 672), Defendant Jackson seeks to have the Court order the sequestration of the Government's witnesses who are incarcerated or on pretrial release both before, during and after the witness testifies until the conclusion of the trial. The Government opposes the Motion as the request applies only to the Government's witnesses, and would impose an unmanageable task on the United States Marshal Service.

The Motion is DENIED. Granting Defendant's request would place too great a burden on the United States Marshal Service. The Defendants may invoke Fed. R. Evid. 615 at trial, and may inquire of witnesses as to any conversations they may have had with other witnesses.

Through the Motion For Evidence Review (Docket No. 702), Defendant Monique Smith requests that the Court hold an evidence review session in which the Government displays all the evidence it intends to introduce at trial. The Motion indicates that the Government does not object to the request. The Motion is DENIED. Nothing herein, however, prevents the Government from sharing its evidence with the Defendants as required by law or otherwise.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.