# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:11-cr-00194-1 |
| JESSIE LEE ALLEN, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Jessie Lee Allen's motion for compassionate release has been fully briefed. (Doc. No. 2161 2164 and 2166.) After pleading guilty to conspiracy to distribute and possess with intent to distribute crack cocaine, cocaine, and marijuana, and possession of firearms in furtherance of drug trafficking, Mr. Allen is currently serving a 180-month term of imprisonment. (Doc. No. 1765.)

He has exhausted his administrative remedies because his attorney sent a letter to the warden of his facility on July 1, 2020 requesting his compassionate release, to which the Warden did not respond. (Doc. No. 2161-1 at 1.) His attorney's letter is legally sufficient because an attorney is her client's agent, and the Bureau of Prison's own regulations allow for compassionate release to be requested by another on an inmate's behalf. 28 C.F.R. § 571.61(b); New York v. Hill, 528 U.S. 110, 115 (2000) (quoting Link v. Wabash R. Co. R. Co., 370 U.S. 626, 634 (1962)).

The Court may grant compassionate release to a defendant suffering from "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care" in prison. U.S.S.G. § 1B1.13 n.1(A)(ii); see 18 U.S.C. § 3582(c)(1)(A). As recently as July 29, 2020, Mr. Allen's medical providers note that he is a "33-year-old male patient

with no significant medical history," aside from a right shoulder injury that required physical therapy and back pain from playing basketball. (Doc. No. 2163 at 1, 3, 10.)

Mr. Allen asserts that he should be released due to a heart murmur that increases his risk for serious COVID-19 related complications. (Doc. No. 2161 at 3.) However, there is no medically verified evidence that he suffers a heart murmur. At a July 2, 2020 medical exam, he had no heart palpitations or other cardiovascular abnormalities. (Doc. No. 2163 at 3.) The Defendant bears the burden of proving circumstances entitling him to compassionate release, United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020), and Mr. Allen has offered no medical support of a serious physical or medical condition or a particular susceptibility to COVID-19, see United States v. Coles, 455 F. Supp. 3d 419, 425 (E.D. Mich. 2020) (denying compassionate release to defendant who presented no evidence of a confirmed medical diagnosis). The general realities of prison life in a pandemic, and number of cases at his facility alone, do not suffice for compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Accordingly, his Supplemental Motion for Compassionate Release (Doc. No. 2161) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE